UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN TAN,

Plaintiff,

v.

NURSE-FAMILY PARTNERSHIP, a Colorado nonprofit corporation, dba CHANGENT,

Defendant.

Case No. 2:25-cv-02944 DAD-CSK

ORDER RE: DISCOVERY DISPUTE

(ECF No. 27)

On July 16, 2026, the Court held an informal discovery conference regarding the parties' dispute as to written discovery requests by Plaintiff Ryan Tan and Defendant Nurse-Family Partnership. (ECF No. 27.) Plaintiff, who is appearing pro se, appeared and counsel Ashley Cheff appeared for Defendant. The Court GRANTED IN PART and DENIED IN PART the parties' requests to compel certain written discovery requests. Within two weeks of the July 16, 2026 discovery conference, documents ordered produced must be produced and supplemental discovery responses must be served.

## I. DISCUSSION

### A. Legal Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)

(citation and internal quotation marks omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "[B]road discretion is vested in the trial court to permit or deny discovery...." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Federal Rule of Civil Procedure 34 governs Requests For Production of Documents ("RFP"), and Rule 33 governs interrogatories. *See* Fed. R. Civ. P. 33, 34. A party must produce relevant, non-privileged documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Parties must supplement their discovery responses if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

**B. Analysis and Orders**

As a preliminary matter, the parties continue to fail to follow the requirements for informal discovery conference joint letter briefs, which are limited to two pages pursuant to the undersigned's Standing Orders. (*See* ECF Nos. 22, 27.) This page limitation requirement was also separately set forth in the Court's corresponding Minute Orders. (ECF Nos. 21, 26.) The Court warned the parties during the informal discovery conference that if the parties continue to fail to comply with court-ordered page limits, sanctions may issue in the future. In addition, the discovery conference was interrupted twice due to loud background noise and the Court informed Plaintiff that for any future discovery conferences or other remote court proceedings, Plaintiff must be able to participate without audio interference. Though pro se parties may not be aware of the

decorum and professionalism required and expected in federal court, Plaintiff is a practicing attorney.

The Court GRANTED IN PART and DENIED IN PART the parties' requests to compel certain written discovery requests as summarized below.

1. **Meet and Confer**- The parties did not adequately meet and confer regarding their discovery disputes where they only communicated in writing. This is in violation of the Court's Standing Orders and the parties were reminded of their obligation to meet and confer either in-person, by phone, or by video.

2. **Plaintiff's RFP No. 1**- GRANTED as modified. Plaintiff has narrowed this request to a single excel file that he created with his contemporaneous notes while he was employed at Defendant. Defendant must produce this relevant file.

3. **Plaintiff's RFP No. 4**- DENIED. Other employees' actual login information is not relevant. Plaintiff indicated that because his narrowed RFP No. 1 for the excel file was granted, he had what he needed regarding his observations and beliefs about other employees.

4. **Plaintiff's RFP Nos. 23 & 24**- GRANTED as clarified. Defendant must produce all chat communications between Plaintiff and the CFO, and between Plaintiff and Human Resources. Defendant is not, however, required to reconstruct the chat communications and may produce them in the format in which they are currently stored (archived). To the extent any communications are withheld as privileged, Defendant must produce a privilege log as required. *See* Fed. R. Civ. P. 26(b). The Court also notes that Plaintiff was only employed by Defendant for approximately nine months.

5. **Plaintiff's RFP Nos. 6 & 8**- Additional requests related to Plaintiff's RFP Nos. 6 and 8 DENIED. Though Defendant has informed Plaintiff that it does not have additional responsive requests, it has not supplemented its discovery responses and is ORDERED to supplement its responses accordingly. After Defendant responded to Plaintiff's RFP Nos. 6 and 8, Plaintiff sent Defendant multiple additional document

requests informally. This is improper. To the extent Plaintiff seeks additional documents, Plaintiff must formally serve new document requests.

**6. Plaintiff's Interrogatory No. 2**- DENIED. Defendant has already sufficiently responded to this interrogatory.

**7. Plaintiff's Interrogatories Set Two**- DENIED as moot. Defendant confirmed that it produced its responses on July 14, 2026.

**8. Plaintiff's RFPs Set Two & Limiting Plaintiff's Discovery Requests**- DENIED without prejudice. Defendant requests an order limiting or prohibiting Plaintiff from serving additional written discovery requests, arguing that Plaintiff's written discovery requests are overly burdensome given the informal "follow-up" RFPs and overall volume. The Court has already denied Plaintiff's informal "follow-up" RFPs above (*see* Plaintiff's RFP Nos. 6 & 8). Defendant has not provided sufficient information for the Court to rule on this issue.

**9. Plaintiff's Tax Returns and W-2s**- GRANTED IN PART and DENIED IN PART. The Court denies Defendant's RFPs as to Plaintiff's tax returns and grants the RFP as to Plaintiff's W-2s and 1099s from other employers while Plaintiff was employed by Defendant, and after Plaintiff's employment concluded. Defendant further agreed that this would provide the information Defendant seeks. As to earnings information after his employment with Defendant, though Plaintiff stated that he was unemployed until approximately two months ago, Plaintiff has not supplemented his discovery responses and is ORDERED to supplement its responses accordingly.

**10. Deadlines**- Within two weeks of the July 16, 2026 discovery conference, documents ordered produced must be produced and supplemental discovery responses must be served.

IT IS SO ORDERED.

Dated: July 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/tan.2944.25.disco.order.2